UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

JEFFREY TAYLOR,
    Petitioner,

v.

NEIL MECHLING, et al,
    Respondents.

Civil Action No. 04-631

Judge Gary L. Lancaster
Magistrate Judge Lisa Pupo Lenihan

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.   RECOMMENDATION

It is recommended that the Petition for Writ of Habeas Corpus be denied as untimely and that a certificate of appealability be denied.

### II.   REPORT

Petitioner Jeffrey Taylor is a state prisoner incarcerated at the State Correctional Institution Fayette, located in LaBelle, Pennsylvania. Currently pending before this Court is his Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. (Doc. 1).

### A.   Relevant Procedural History

In January 1998, a jury empaneled by the Court of Common Pleas of Allegheny County convicted Petitioner of robbery, robbery of a motor vehicle, kidnapping, conspiracy, and involuntary manslaughter. (Ex. 15 at 2).[1] The Honorable John A. Zottola sentenced him to terms of imprisonment of: (1) five to twenty years for robbery;

---

[1] All Exhibits reference herein are attached to the Respondents' Answer (Doc. 10).

1

(2) five to twenty years for robbery of a motor vehicle; (3) five to twenty years for kidnapping; (4) five to twenty years for conspiracy; and (5) two-and-one half to five years for involuntary manslaughter.

Petitioner appealed his convictions to the Superior Court of Pennsylvania. (Ex. 4). He claimed, *inter alia*, that the trial court erroneously calculated his sentence for involuntary manslaughter. The Commonwealth conceded the error and on July 30, 1999, the Superior Court vacated the sentence for involuntary manslaughter and remanded to the trial court for re-sentencing on that conviction. (Ex. 5 at 1-2, 4). The Superior Court affirmed the denial of post-trial relief on his other convictions. (Id. at 4).

On September 22, 1999, the trial court imposed no further penalty on the involuntary manslaughter conviction. (Ex. 1 at 2). Petitioner pursued no further appeals at that time. Accordingly, all of his convictions became final, at the very latest, on October 23, 1999, the date on which the thirty-day period to file an allowance of appeal expired. Pa.R.Crim.P. 720(A)(3); Pa.R.App.P. 903(a); Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (a state prisoner's judgment of sentence becomes final at the conclusion of direct review or the expiration of time for seeking such review).[2]

On September 26, 2000, Petitioner filed a petition for collateral relief pursuant to

---

[2] As note above, in its July 30, 1999 decision, the Superior Court affirmed Petitioner's judgment of sentence for his convictions of kidnapping, robbery, robbery of a motor vehicle, and criminal conspiracy. Petitioner did not appeal that decision to the Supreme Court of Pennsylvania. As a result, those convictions may have become final at an even earlier date – on or around August 30, 1999 (30 days after the Superior Court's decision). Pa.R.App.P. 1113(a). However, even if this Court gives Petitioner the benefit of the doubt and calculates the statute of limitations using the later date of October 23, 1999, the petition is still untimely.

Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 PA.CONS.STAT. § 9541 *et seq.*[3] The PCRA court appointed counsel to represent him, and two amended petitions were filed on his behalf. (Exs. 6 & 7). After the PCRA court denied relief (Ex. 8 & 9), he appealed to the Superior Court. (Ex. 20). On June 7, 2002, the Superior Court affirmed the denial of post-conviction relief. (Ex. 11). Petitioner appealed to Pennsylvania Supreme Court. (Ex. 12). On September 10, 2003, the Pennsylvania Supreme Court affirmed the holding of the Superior Court. (Ex. 15).

Petitioner began proceedings in this Court, at the very earliest, on April 9, 2004, the date he signed the Petition for Writ of Habeas Corpus (although the docket reflects that the petition was not filed with this Court until April 26, 2004). (Doc. 1).

## B.   Time Period for Filing Federal Habeas Corpus Petitions

In their Answer, Respondents contend that Petitioner's habeas petition must be dismissed because it is untimely under the statute of limitations set forth in The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2244. (Doc. 10 at 10-11). AEDPA requires, with a few exceptions not implicated here, that a state prisoner seeking federal habeas corpus relief file a petition in federal district court within one year after his state judgment becomes final. 28 U.S.C. § 2244(d)(1)(A).

As noted previously, Petitioner's judgment of sentences became final, at the very latest, on October 23, 1999. It follows, then, that the one-year period for filing his federal habeas corpus petition ran from that date until on or about October 23, 2000.

---

[3] The pro se PCRA petition is contained in the state court record ("SCR"), which was submitted to this Court on April 7, 2005.

Petitioner, however, did begin proceedings in this Court until, at the very earliest, April 9, 2004. Therefore, the Petition is untimely unless Petitioner has established that he is entitled to statutory tolling as provided by 28 U.S.C. § 2244(d) or has established that equitable tolling should be applied on the facts presented.

Section 2244(d)(2) provides that "properly filed" applications for PCRA relief that are pending during the limitations period will toll that limitations period. 28 U.S.C. § 2244(d)(2). Here, Petitioner filed his PCRA petition on September 26, 2000. Thus, his PCRA petition tolled AEDPA's statute of limitations after 339 days had already expired. The PCRA proceedings continued to toll the limitations period through September 10, 2003, the date the Pennsylvania Supreme Court affirmed the denial of post-conviction relief. (Ex. 15). After that date, the limitations period began to run again, and Petitioner, having approximately 26 days remaining before AEDPA's statute of limitations expired, had until on or about October 7, 2003 to file a timely federal habeas petition with this Court. He did not initiate proceedings in this Court until, at the very earliest, April 9, 2004 (Doc. 1). Thus, even with the benefit of § 2244(d)(2)'s tolling provision, his habeas petition is untimely.

Petitioner also has not shown that he is entitled to take advantage of the doctrine of equitable tolling in this action.[4] The burden of establishing entitlement to the

---

[4] AEDPA's one-year limitation in § 2244(d) is a statute of limitations, not a jurisdictional bar, and, therefore, may be equitably tolled:

> Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show

4

extraordinary remedy of equitable tolling rests with Petitioner, <u>Miller v. New Jersey State Dept. of Corrections</u>, 145 F.3d 616, 618-19 (3d Cir. 1998), and he has not met his burden in this case. He fails to direct this Court to any extraordinary circumstances beyond his control that accounted for his failure to have filed his habeas petition in a timely manner. (<u>See</u> Docs. 1 & 13); <u>see</u>, <u>e.g.</u>, <u>Lacava v. Kyler</u>, 398 F.3d 271, 276-79 (3d Cir. 2005).

Based upon all of the foregoing, the record reveals that the instant petition for writ of habeas corpus was not timely filed in accordance with the directives in 28 U.S.C. § 2244(d).

## C.   Certificate of Appealability

AEDPA provides that an appeal may not be taken from a final order in a habeas proceeding in which the detention arises out of process issued by a state court unless a certificate of appealability has been issued. A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. 2254(c)(2).

In <u>Slack v. McDaniel</u>, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability]

---

> that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

<u>Miller v. New Jersey State Dept. of Corrections</u>, 145 F.3d 616, 618-19 (3d Cir. 1998) (internal citations, quotations, and punctuation omitted). <u>See also</u> <u>Lacava v. Kyler</u>, 398 F.3d 271, 275-76 (3d Cir. 2005).

should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying this standard here, jurists of reason would not find it debatable whether the Petition for Writ of Habeas Corpus commenced by Petitioner was filed within the one-year limitation period which is provided for under AEDPA. Accordingly, a certificate of appealability should be denied.

### III.   CONCLUSION

It is respectfully recommended that the Petition (Doc. 1) be dismissed and that a certificate of appealability be denied. In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Dated: 10-04-05

Lisa Pupo Lenihan
UNITED STATES MAGISTRATE JUDGE

cc:   The Honorable Gary L. Lancaster
      United States District Court Judge

      All parties of record